The bill, though taken for confessed, not containing the requisite allegations, entitle the complainant to no relief.

</div>

8bm137
f123 409

## Cobb *vs* Haynes, &c.

### Error to the Meade Circuit.

*Decrees, void.    Evidence.    Sureties.    Contribution.*

Judge Breck delivered the opinion of the Court.

<div style="float:right">

Chancery.

*Case* 37.

*December* 30.

Case stated.

</div>

In 1813, John Haynes was appointed administrator *de bonis non*, of William Scott, by the County Court of Bedford county, Virginia, and gave bond with H. D. Shannon, William Haynes, and Tilghman A. Cobb as sureties. Haynes was afterwards, in 1821, required to give additional security, and executed another bond with Linneus Scott and Miliner Haynes as sureties.

In 1826, the heirs and distributees of William Scott exhibited their bill in chancery in the Circuit Superior Court of law and chancery for the Lynchburg District, in Virginia, against John Haynes, the administrator, and his sureties or their representatives, in both bonds, for a settlement of the administration. Some time after filing this bill, John Haynes departed this life, and administration having been granted upon his estate, his administrator was made defendant. Process was served upon all the defendants except William Haynes, and constructive service of process upon him as a non-resident, by publication. A decree was finally rendered against all the parties in 1840, for about $2,000. Executions were returned *nulla bona* against all the defendants except Cobb, who paid off the decree.

COBB
*vs*
HAYNES, &c.

In 1842, Cobb exhibited this bill in the Meade Circuit Court, against Miliner Haynes, who had removed to Kentucky during the progress of the suit in Virginia, and also against William Haynes and the administrator of John Haynes, and the representatives of the other sureties, seeking contribution from the defendants, M. and W. Haynes, as to two thirds of the amount which he as a co-surety, had been compelled to pay in discharge of the decree in Virginia.

The defendant, William Haynes, states in his answer, that he does not recollect signing the administration bond and calls for proof. He denies all the other material allegations in the complainant's bill, and relies upon lapse of time in bar of the relief sought against him.

The defendant, William, admits signing the bond, but denies his liability.

Decree of the
Circuit Court.

The Court decreed against Miliner $530 62, and dismissed the bill as to William Haynes, upon the ground that the record and proceedings of the suit in Virginia, were not evidence against him.

To reverse that decree, Cobb prosecutes this writ of error, and Miliner Haynes also complains of the decree and assigns cross errors.

The first question presented for consideration is, whether the fact is established by the evidence, that William Haynes was a co-surety with the complainant, for John Haynes, upon his bond as administrator of Scott.

The copy of a record from a Court in Virginia, properly certified, which contains a copy of a bond of an adm'r. purporting to be signed by defendant and not denied, otherwise than by stating his want of recollection that he had ever signed it, taken as conclusive evidence of the fact of his signature.

The complainant exhibits a duly certified copy from the records of the Bedford County Court, of the appointment of John Haynes as administrator *de bonis non* of William Scott, and of the bond executed by him, with William Haynes, H. D. Shannon and Tilghman A. Cobb as his securities. This is conclusive evidence that such bond was executed; and as there is no testimony or effort tending to show that the defendant is not the same William Haynes who was one of the sureties upon it, and as he merely states in his answer, that he does not recollect signing it, or as entering as the security of Haynes as administrator of Scott, it should be regarded, in our opinion, as sufficient evidence that he is the same

139

person, and that he executed the bond: It constituted a part of the records of the Court, was payable to the Justices thereof, and the complainant was not entitled to withdraw the original. The copy from the records is all he was entitled to, and is deemed sufficient.

Being then a co-surety, the next enquiry is, whether the complainant has shown himself entitled to contribution or to the relief sought against him, as such. This question depends mainly upon the consideration to which the record and proceedings, or decree in Virginia are entitled.

The defendant, William Haynes, having been a citizen of Kentucky at the time that suit was instituted, and there having been no actual service of process upon him, but the decree resting alone upon constructive notice, it was, as against him, null and void. This question was fully considered and settled by this Court in *Williams* vs *Preston*, (3 *J. J. Marshall*, 600.)

But the record is, nevertheless, evidence that such a suit was instituted and decree rendered; and we are of opinion the decree is *prima facie* evidence of the extent of the liability of John Haynes, as the administrator of Scott, and also of the liability of the complainant as his surety. This principle we regard as fully settled in analogous cases.

It not only appears from the record, but is abundantly established by other testimony, that the complainant paid off the decree. It moreover appears that he strenuously and perseveringly defended the suit.

As to the defendant, Miliner Haynes, it appears that he was not only served with process, but that he appeared and answered. It is true he was not upon the same bond with the complainant, but was, nevertheless, a surety, and should be placed upon the same footing with him. The complainant treats the second bond as mere additional security, and we are inclined to think it should be so regarded.

The proof being satisfactory as to the insolvency of the estate of the administrator, John Haynes, and the other co-sureties, we are of opinion the complainant was entitled to a decree against each of the defendants

A decree in Virginia against one who was a citizen of Kentucky at the institution of the suit, upon constructive service of process only, is void: *Williams* vs *Preston*, (3 *J. J. Marshall*, 600.)

—But such record and decree is evidence of the pendency of the suit in Va. and the decree is *prima facie* evidence of the extent of the liability of the co-surety, and of the liability of the party sued in Ky. as co-surety in the administration.

A bond given by an adm'r. upon being ruled to give additional security, is but additional security, and the sureties in each bond are co-sureties and held liable to contribution.

Where the principal and a portion of the co-sureties in an administration bond become in-

**FOUNTAIN FERRY T. R. COMPANY vs D. & C. JEWELL.**

*solvent, the Chancellor will require the solvent sureties to contribute rateably to the discharge of the liability.*

for one third of the amount which he was decreed to pay, and did pay, in discharge of the decree against the estate of said Haynes and himself as his security, with interest from the time it was paid.

The amount decreed against Miliner Haynes appears to be less than one third of the amount so paid by the complainant. The whole decree is, therefore reversed, and the cause remanded, that a decree may be rendered in conformity with this opinion.

The cross errors having reference merely to the liability of Miliner Haynes, have been, in effect, considered and disposed of, and are not available.

*Cates & Lindsey* for plaintiff; *Morehead & Reed and Hardin* for defendants.