## SUPREME COURT.

GEORGE S. COE agt. ALONZO L. BECKWITH and others.

In order for a *trustee* appointed by a railroad company to *derive title, under the trust deed, to the funds* arising from the tolls and income of the road, he must take *possession of the road and run it.*

But where such funds have been deposited by the railroad company with a trust company, to the *credit of the trustee,* with the avowed intent and purpose of meeting the coupons then actually due, to the bondholders of the road, and the taking possession and control of such funds by the trustee, with notice of the object of the deposit given to the trust company, it constitutes an *appropriation* of the funds; and invests the *title thereto in the trustee* for the purpose specified.

Coe agt. Beckwith.

Where it does not appear that the officers of the railroad company had not authority to make such deposits, the authority will be presumed; because the act, without authority, would constitute a *breach of trust;* and courts never assume a breach of trust to have been committed.

The trustee in such case has a right to apply to the court for *instructions,* where conflicting claims to the funds on deposit are made by the bondholders upon their coupons due and unpaid.

On such application it is not necessary to make the railroad company, nor the trust company, *parties;* nor is it necessary that the *sheriff* who served an attachment upon the funds in favor of a bondholder, should be made a party; and where all the holders of coupons are *numerous* and *unknown,* it is a sufficient reason for not making them parties.

A *demurrer* by a defendant, which names others who are holders of coupons, who have not been joined as defendants, is irregular, as assuming the functions of a plea in abatement.

*New York Special Term, April,* 1860.

THE defendant, Beckwith, demurred to the complaint in this action. The facts will fully appear in the opinion of the court.

F. E. MATHER, *for defendant, Beckwith.*
F. A. LANE, *for plaintiff.*

LEONARD, Justice. The plaintiff alleges that he is a trustee, under a trust deed from the Cleveland, Zanesville and Cincinnati Railroad' Company, conveying the track equipments, tolls and income of the road, to secure the holders of the first mortgage bonds of the road, amounting to $500,000, and is authorized thereby to take possession of the road and equipments, carry it on, and apply the proceeds to the payment of the bondholders, after deducting expenses, in case the company make default in paying the coupons, &c., as they become due, for the period of sixty days, after demand by the bondholders.

That none of the coupons have been paid by the company since 1856.

That the plaintiff, under the trust deed, took possession of the tolls and income, and the same were deposited in the United States Trust Company to the credit of " George S. Coe, trustee."

The complaint sets forth a letter to the trust company from the president of the said railroad company, dated February 19th, 1858, informing the trust company, that all funds thereafter remitted by the railroad company " are to be deposited to the credit of George S. Coe, trustee of our first mortgage bonds, for the purpose of paying the coupons on our bonds secured thereby."

The railroad company had previously deposited funds in the trust company, since the railroad company had ceased paying coupons at maturity, to the credit of the plaintiff as trustee, and Beckwith had been paid some $453 on coupons then over due.

The complaint states that various sums have since been deposited in the trust company to the credit of " George S. Coe, trustee," which the plaintiff took possession of under the said deed, and were intended to meet those coupons of the railroad company on these bonds due in 1856.

. That an attachment has been granted by this court in an action brought by Beckwith against the railroad company, on coupons of the first mortgage bonds due in 1856, 1857, 1858 and 1859, amounting to $9,520, directed to the sheriff of this city, who has served it on the trust company and on the plaintiff, accompanied by a special notice that Beckwith claims that the attachment covers funds mentioned in the letter of 19th February, 1858.

That Beckwith claims to hold the funds now on deposit in the trust company, to the credit of the plaintiff as aforesaid, by virtue of the said attachment.

That the holders of the coupons are numerous, and unknown to the plaintiff, and it is impracticable to make all the holders thereof parties.

Four parties, who are holders of a large amount of these coupons, are made defendants, and they have made demand on the plaintiff for payment out of the funds so deposited to his credit in the trust company.

The plaintiff alleges that he apprehends that he will be involved in some personal liabilities, if he should pay the one or the other of these claimants, and he demands the instructions of the court as to who is entitled to the funds standing to his credit, as trustee, in the manner above mentioned.

The defendant, as one of his grounds of demurrer, insists that the complaint does not state facts sufficient to constitute a cause of action.

It is necessary, then, to ascertain whether the plaintiff has any title to these funds as a trustee: if he has such title, he is entitled to apply to this court for instructions as to his conduct in relation to the trust, when questions of difficulty arise, and in that event, also, the defendant will have acquired no lien upon the funds in question, by virtue of his attachment.

In my opinion, the complaint fails to make title in the plaintiff to the fund in question by virtue of the trust deed.

In order to derive title under this deed, it is necessary that the plaintiff take possession of the railroad, and run it, whereby, he would be entitled to the tolls and income, and after paying expenses, could divide them among the bondholders. The complaint does not, however, allege that the plaintiff has taken possession of the road, or run it. The funds have been deposited to his credit in the trust company, as trustee, but he did not acquire them in any manner by virtue of any power or authority under the trust deed. The complaint does not show that any one was under any legal liability to deposit those funds to the credit of the plaintiff any more than to the credit of another person. The position which he held rendered him a very proper person to be chosen for the purpose of receiving and paying out the funds, but there is nothing to show his right to compel any person to account to him for the earnings of the road. The plaintiff could acquire

that right under the deed, only by taking possession of the railroad.

True, the complaint alleges that he has taken possession of the tolls and income, but how did he do it ?    That has not been disclosed.

The money in question may have been taken possession of by being deposited to the plaintiff's credit, and that is all that this allegation (from the other facts stated) can mean in this case.

The allegation that the plaintiff took possession of this money by virtue of the deed, is merely a mental deduction or conclusion, without any facts stated upon which any one else can arrive at the same result.

It is stated in the complaint, that an officer of the railroad company, visited the east after the company were in default for the non-payment of coupons, for the purpose of making an arrangement with the bondholders, but it is not alleged that any arrangement was in fact effected, or that any change was made in the trust, or in the manner of securing the payment of the bonds or coupons, or anything from which the plaintiff derives title to the funds in question.

The plaintiff must stand, so far as the complaint is concerned, upon the appropriation made by the .letter of February 19th, 1858, and the actual deposit made in pursuance thereof.    The complaint does not state, expressly, that the railroad company deposited the funds in question, but from the whole tenor it is fairly to be inferred.    If not deposited by the railroad company, then none of the defendants have any interest therein.

The allegation is, that *there has been deposited* various sums in the trust company to the credit of George S. Coe, trustee, but who made the deposits, or from what source derived, is not definitely stated.

It is then alleged that the plaintiff took possession of them under the trust deed.    That he took possession is

probable; but that he did so under the deed is impossible, from the evidence of any fact alleged. The complaint, then alleges that the funds so deposited were intended to meet the coupons which fell due in 1856. This latter aver-ment is pregnant with meaning, and is probably the saving fact in the complaint.

I am of opinion that the allegations of the purpose for which the deposits were made; of the taking possession thereof by the plaintiff; of the letter of February 19th, 1858, apprising the trust company of the account and pur-pose for which the future deposits of the railroad company were to be made, constitute an appropriation of the funds; and that the plaintiff was invested thereby with the title thereto, as trustee, for the holders of the coupons, who had an immediate right therein, and could enforce a pro rata division thereof on demand, and was not invested there-with, as agent, only for the railroad company. The rail-road company cannot control or reclaim the deposits. As to them, the deposits are appropriated. The trust com-pany would be liable to the plaintiff, in a suit on behalf of the holders of the coupons, if they should suffer these deposits to be withdrawn on the authority of the railroad company alone.

The objection of the want of authority in the officers of the railroad company to make those deposits in the manner they did, is not tenable, inasmuch as if deposited without authority, the act would constitute a breach of trust. It does not appear that the officers had not the authority.

Courts never assume a breach of trust to have been committed. Authority to make the deposits must be pre-sumed.

The objection, for the want of proper parties, is not, I think, well taken.

I. The railroad company have fully parted with all title to the money, and have dedicated it to the holders of the coupons.

II. The plaintiff's check will afford a good discharge to the trust company, and the coupons which he retains he will then hold as the trustee or agent of the railroad company. Therefore neither the trust nor railroad companies are necessary parties.

III. The sheriff has no interest at present. The fund is not in his possession or control.

IV. The plaintiff's excuse for not joining all the holders of coupons, is well recognized and sufficient, viz., that they are numerous and unknown.

The demurrer is irregular in naming others who are holders of such coupons who have not been joined as defendants. It assumes the functions of a plea in abatement.

No conclusion is to be drawn therefrom adverse to the plaintiff, as such statements are not within the office of a demurrer.

The defendant, Beckwith, is one of the same class of coupon holders as the other defendants, and entitled to participate with them pro rata only, and it would be wholly unjust and inequitable for him to obtain the whole fund, or more than his share, by a common law action upon his coupons. At least, it so appears from the allegations of the complaint.

Judgment must be for the plaintiff on the demurrer, with leave to the defendant to answer the complaint in twenty days. The costs of the demurrer are to abide the event of the action.