NORDMAN v. CRAIGHEAD, Guardian, etc.

PLEADINGS—*Practice changed by Code.*—Sec. 48, Chap. 28, Gould's Digest is repealed by the substitution of the amended, Section 148 of the Code of Civil Practice, and is applicable to proceedings both at law and in equity.

SAME—*Requisites of.*—The pleading must contain the facts constituting the cause of action, or grounds in defense when matter in the answer or reply is relied on; and the pleader should file with, and refer to, in his pleadings, in a manner sufficiently explicit to identify them, such writings as are relied on, and which may not be, strictly speaking, evidence.

SAME.—So much of the deed or writing relied on and referred to as may be necessary to show the character and purpose of such reliance, must be set forth in terms or substance in the pleading.

PRACTICE—*When motion, not demurrer, proper.*—When a deed or writing constitutes no part of the averments of the pleading, a failure to file it cannot be reached by demurrer.

APPEAL FROM JEFFERSON CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

A. H. *Garland*, for Appellant.

The complainant failed to file with his bill the original deed, or a copy of the same, or to state that he could not procure said deed, or a copy thereof, on which he relied; his bill should have been dismissed. *Sec.* 48, *Chap.* 28, *Dig.*; *Sec.* 148, *Ark. Code*; 11 *Ark.* 121; *Hill, use, etc. Wintersmith vs. Barrett, etc.*, 14 *B. Mon.* 86; 2 *Metcf. Ky.* 88; 25 *Ark.* 30. The assignment of the notes to complainant did not convey the equitable lien of the vendor. *Moon & Cail vs. Anders*, 14 *Ark.* 365; *Inglehart vs. Armiger*, 1 *Blande, Chancery, Md.* Nor is there any allegation in the bill that he became subrogated to the personal or equitable rights of the vendor.

B. S. *Johnson*, for Appellee.

SEARLE, J.—John P. Craighead, appellee herein, as guardian, etc., filed his complaint, in equity, in the Jefferson Circuit Court, against Eugene Nordman, appellant herein, to en-

24

force a vendor's lien for the purpose of securing the payment
of two promissory notes, etc. The complaint avers, among
other things, that one Owen sold, by deed of conveyance, to
the said Nordman, certain described real property; that a part
of the price of said property was paid down; that notes were
executed and delivered to the vendor for the balance; that a
special lien was reserved in said deed to secure the payment
of said notes; that the notes were assigned, together with
said vendor's lien, to said complainant, and that a copy of
said deed would be filed, if necessary, etc.

At the May term, 1871, of said court, the same being the
return term, the said Nordman filed a demurrer to the com-
plaint upon the following grounds, namely: 1st, That the
complaint sets up the fact of the existence of a certain deed
to the land referred to therein, and does not make the same a
part thereof. 2d, That it does not appear from said com-
plaint that said deed referred to therein is filed and made a
part of the same.

The demurrer was overruled; a decree rendered, as prayed
for, and appellant appealed to this court. Two questions, we
presume, were intended to be raised by this demurrer, name-
ly: 1st, Should the deed, or a copy of the deed relied upon,
as containing the reservation of the lien averred in the com-
plaint, have been filed? and, 2d, Should it have been made a
part of the complaint?

These questions will be considered together. Before our
present system of civil practice went into operation, there
was the following provision, applicable entirely to proceed-
ings in equity: "If either party shall rely on any record,
deed or writing, the substance thereof shall be stated in his
bill, answer or plea in the same manner as is required in
pleading at law; and he shall file with his bill, answer or plea,
as exhibits, an authenticated copy of such record, and a true
copy of such deed or writing, and hold the original subject
to the order of the court and inspection of other parties, in
term time, if within his power." *Sec.* 48, *Chap.* 28, *Gould's*

*Digest.* Under this section, where the pleader relied upon any record, deed or writing, the pleading should exhibit an authenticated copy of such record, or a true copy of such deed or writing, and it seems, under the old practice, such exhibitions made such copy a part of the pleading, and a failure to make such exhibition rendered the pleading bad upon demurrer. Such, at least, seems to have been the ruling of this court. *Brodie et. al. vs. Skelton*, 11 *Ark.* 121; *Fletcher vs. Hutchinson*, 25 *Ark.* 31. But this section has been repealed by the substitution of the amended *Section* 148 *of the Code of Civil Practice*, which is as follows: "If either party shall rely upon any deed or other writing, he shall file, with his pleading, the original deed or writing, if in his power, or a copy thereof. If he cannot procure such deed or writing, or a copy thereof, he shall so state in his pleading, together with the reasons therefor, and if such reasons are sufficient, he may file the best evidence of the contents of such deed or writing in his power," etc. This section is substantially the same as *Section* 48, *Chapter* 28, *Gould's Digest*; and had our system of practice not been changed, we would not hesitate in applying the rulings of the court, upon this latter section, to the section under consideration. But our laws of civil proceedure having been completely changed by the substitution of the "Code of Civil Practice," the provisions of this section must be applied and enforced in a manner not inconsistent with other provisions and requirements thereof. In relation to the *application* of the provisions of this section, and the rules relating thereto, we have derived much light from the decisions of the "Court of Appeals" of Kentucky, applying the provisions of a similar section in their "Code of Practice," of which ours is almost a *verbatim*-copy.

The provisions of this section, though applicable to proceedings at law, are intended to apply chiefly to proceedings in equity. Their obvious object is to compel the pleader to file with his pleadings such writings as are relied on by him, and which may not be, strictly speaking, evidence, or the

foundation of the action or defense.  If they are not referred
to, or relied on in the pleading, but are such as may be prop-
erly introduced, in evidence, the pleader need not file them
with his pleadings: *Ruggles, etc. vs. Moore,* 18 *B. Mon.* 824.

The pleading must contain the facts constituting the cause
of action, or grounds of defense when new matter in the
answer or reply is relied upon: *Secs.* 109-116, *Code of Civil
Practice; Hill etc. vs. Barrett etc.,* 14 *B. Mon.* 86; *Collins. vs.
Blackburn, Ib.* 254.

So much of the deed or writing relied on, and referred to,
as may be necessary to show the character and purpose of
such reliance, must be set forth either in terms or substance
in the pleading: *Dodd vs. King,* 1 *Met.* 430; *Riggs. vs. Molly,*
2 *Met.* 88; *Ruggles vs. Moore,* 18 *B. Mon.* 824.  The obvious
reason of this, as well as of the filing of the writing, is to give
the opposing party that knowledge of the true character of
the demand or defense necessary to enable him to properly
resist it.  But the setting out, in the pleadings, of the mat-
ters relied on, in the deed or writing, does not dispense with
the necessity of the filing of the same.  Not only should such
deeds or writings be filed, but they should be referred to in
the pleading, and referred to in a manner sufficiently explicit
to identify them.  In proceedings in equity, exhibits referred
to in the pleadings and filed become a part of the record, but
not, however, as allegations or averments in the pleadings :
*Strother vs. Lovejoy,* 8 *B. Mon.* 139; *Harman vs Wilson,* 1
*Duval* 322, and the authorities cited above.  We regard these
rulings as applicable to the section (148) under consideration,
and as explicit, reasonable and just.

In the case under consideration, the notes sued upon were
the foundation of the action ; the deed is simply relied upon
in evidence of the vendor's lien, averred in the complaint to
have been reserved therein to secure the payment of the
notes.

The complaint sufficiently contains the facts, constituting
the cause of action.  It sets up properly that part of the deed

upon which the plaintiff relies for relief. It also sufficiently refers to the deed. But the plaintiff, instead of filing it, or a copy thereof, merely proposed in his complaint to file it if necessary. The deed, or a copy thereof, should have been filed.

One other question is here suggested, and that is, could the failure or omission to file the deed or a copy thereof be reached by demurrer? This question has almost been sufficiently answered by our above observations. The office of a demurrer, under the Code of Civil Practice, is to state objections apparent upon the face of the complaint or pleading: *Sec.* 114, *Code of Civil Practice*; *Coe vs. Beckwith*, 11 *Abb.* 299; 19 *How.* 399; 31 *Barb.* 339. The deed, in its nature, being no part of the averments of the complaint, a failure or omission to file it, or a copy thereof, could not be reached by demurrer.

The appellant's remedy for the failure of the appellee to file the deed, or a copy thereof, was by a rule of court to be granted upon his motion therefor, compelling him to file it, or show cause why he could not: *Ruggles vs. Moore*, 8 *B. Mon.* 824. The court, therefore, did not err in overruling the demurrer.

The decree of the court below must be affirmed.