### St. Louis & San Francisco Railway Company *v.* Holton-Warren Lumber Company.

#### Opinion delivered June 29, 1895.

Tax Sale—Bill To Annul Confirmation.—A petition to set aside a decree of confirmation of a tax-title alleged that the notice of the intention to apply for confirmation failed to state under what authority the lands were sold, and the nature of the title by which they were held; that six months had not elapsed between the last publication of the notice and the first day of the term of court at which the title was confirmed; and that plaintiffs had a meritorious defense, in that the delinquent list, on which the sale was based, was not published for two weeks before the sale, and the collector sold the land for a greater sum than was legally due. The petition did not make the notice in the suit for confirmation an exhibit. *Held*, that the petition was sufficient on demurrer.

Appeal from Benton Circuit Court in Chancery.

Edward S. McDaniel, Judge.

*E. P. Watson, E. D. Kenna* and *B. R. Davidson* for appellant.

It was error to sustain the demurrer because :

1. The notice failed to show by what authority the lands were sold. Mansf. Dig. 577.

2. It failed to state the nature of the title by which the lands were held. *Ib.* sec. 577.

3. The notice was not sworn to by any *publisher* or *proprietor* of any newspaper. *Ib.* sec. 578. The affidavit of an *editor* is not sufficient. 14 Ark. 408; 11 *id.* 120; 25 *id.* 364.

4. Six months had not elapsed from the last day of publication until the first day of court. *Ib.* sec. 577. This is fatal. 140 U. S. 634; 27 Ark. 353; 56 *Id.* 419.

5. The dates of publication were not given. Act April 14, 1891, sec. 5, p. 277.

6. The affidavit was not made before a justice of the peace. Mansf. Dig. sec. 578.

7. A good and meritorious defense was shown. 140 U. S. 635, 643; 55 Ark. 218; *Ib.* 30; *Ib.* 192; *Ib.* 549; 33 *id.* 748; 53 *id.* 204; 56 *id.* 95; 46 *id.* 96; 50 *id.* 11; 22 *id.* 118; 50 *id.* 458; 56 *id.* 544.

WOOD, J. This is a suit to annul a decree of confirmation of the Benton chancery court. The bill, after setting out the tax title which was confirmed, alleges, *inter alia*, "that said decree is null and void, and obtained without legal notice of the intention to make application for said confirmation decree at said term of court, and is a fraud on this plaintiff's rights;" "that the notice given by the defendant that application would be made at the spring term, 1891, for said decree failed to state, in the same, by what authority and under what authority said tracts of land were sold;" "that said notice failed to state the nature of the title by which said tracts were held;" "that six months had not elapsed from the last publication of said notice until the first day of the spring term, 1891, of this court," etc. The bill further alleges that the plaintiffs each have a good, valid, and meritorious defense to the petition for confirmation of the tax title, and then proceeds to set out several, and, among others, "that the said delinquent

list for said year was not published for two weeks next before the day of sale;" "because the collector sold said tract of land for a greater sum than was due on it for taxes, penalty and costs," etc.

The bill, with sufficient formality, alleged facts which, if true, should have avoided the decree of confirmation. The demurrer admitted their truth, and therefore it should have been overruled. True, the bill does not refer to and make the notice in the suit for confirmation an exhibit, but it was not fatally defective on that account, as that was a matter of proof. And the court may have had a defect in this respect, if any existed, cured upon motion. *Henry* v. *Blackburn*, 32 Ark. 450; Newman, Pl. & Pr. 257; *Nordman* v. *Craighead*, 27 Ark. 369. Reversed, with directions to overrule the demurrer.