JOHN J. CRAWFORD, Appellant, *v.* LILLIE WINSTON, Respondent, Impleaded with Others.

*Trustee — when an application to the court for instruction is not properly based on facts dehors the instrument.*

A trustee is bound to execute a trust as it is stated in the written agreement creating it; and where its terms are clear and precise, and there is no allegation that there are any conflicting claims made in respect thereto, he is not in a position to apply to the court for its direction as to his administration of the trust because of facts *dehors* the instrument of trust, which have come into existence since its execution.

APPEAL by the plaintiff, John J. Crawford, from an interlocutory judgment of the Supreme Court in favor of the defendant Lillie Winston, entered in the office of the clerk of the county of New York on the 5th day of November, 1897, upon the decision of the court rendered after a trial at the New York Special Term sustaining said defendant's demurrer to the plaintiff's complaint.

*John J. Crawford,* appellant, in person.

*Henry W. Scott,* for the respondent.

INGRAHAM, J.:

The complaint alleges that the defendants Walker Winston and Lillie Winston were married on or about the 16th day of February, 1890, and subsequently executed articles of separation, a copy of which is annexed to the complaint, and under which the plaintiff and the defendant William A. McQuaid became parties as trustees; that subsequently this respondent commenced an action for an absolute divorce from the defendant Walker Winston in the District Court of the Territory of Oklahoma, and that a judgment was entered in said action granting to the said Lillie Winston an absolute divorce from the said Walker Winston; that the defendant Walker Winston has paid to the trustees named in the said instrument the sum of money therein required to be paid, and that there is now in the hands of the plaintiff as one of the trustees the sum of seventy-five dollars; that the defendant Walker Winston has notified the plaintiff not to pay the same over to the respondent; that the plain-

FIRST DEPARTMENT, NOVEMBER TERM, 1898.　　　　[Vol. 34.

tiff is ignorant of his duties in the premises and cannot ascertain the same without the aid of the court, and, therefore, asks for instructions as to what disposition shall be made of the money in his hands and whether the plaintiff and his co-trustee shall collect from the defendant Walker Winston any further sum under the agreement.

The agreement provides that it shall be lawful for the respondent to live separate and apart from her husband, giving to the respondent the sole custody, control, education and bringing up of the infant child of the parties during her minority ; that the defendant Walker Winston shall pay to the trustees the sum of twenty-five dollars per month, in trust for the said wife, to be used for her support and the maintenance and education of the infant until the said infant shall arrive at age or shall have married. It is not alleged that either of the parties to the instrument has requested the enforcement of the obligations therein contained, or that the respondent has made any demand upon the trustees for the sum of money in their hands, or that any difference has arisen between the parties to the agreement as to the rights of either of the parties under it. There is no doubt as to the proper construction of the instrument itself, and the aid of the court is not required to determine the rights or obligations of the parties under it. The trust has not by its terms come to an end, so that a trust fund is in the hands of the trustees for distribution, and no accounting by the trustees is asked for or would be proper under the allegations of the complaint. We cannot see that any question is presented requiring the action of the court, nor does the protection of the plaintiff or his co-trustee require an application to the court. The court is simply requested to advise one of the trustees how to act when there is no allegation of conflicting claims. Nothing is alleged to justify the trustees in submitting the parties to this agreement to the expense and annoyance of a legal proceeding, and we think that the court below correctly refused to entertain the action.

The judgment appealed from is affirmed, with costs.

BARRETT, RUMSEY and MCLAUGHLIN, JJ., concurred.

BARRETT, J. (concurring):

I agree with Justice INGRAHAM's conclusion in this case. It will be observed that the trustee does not ask the court to construe the

trust agreement. Its terms are in fact clear and precise. What he asks is advice and instruction with regard to the legal effect of certain facts *dehors* the instrument, which have come into existence since its execution.

With these later facts the trustee has nothing to do. His duty is confined to the execution of the trust agreement. The only supplemental facts with which he has any concern are those contemplated by the agreement itself, *e. g.*, the majority or marriage of the child or the death prior thereto of either of the parents. If for any other reason or because of any other outside fact, the agreement should be abrogated or modified, the party seeking such abrogation or modification must bring his or her action therefor. This is no concern of the trustee. His sole duty is embodied in the instrument, and he cannot come into court and ask for instructions as to whether he shall or shall not perform that duty strictly as prescribed. The former husband has here notified the trustee in effect to deviate from his duty under the agreement, and the trustee now asks us to instruct him as to whether he shall or shall not so deviate. He clearly is entitled to no instruction on that head. And he needs none in order to avoid responsibility. The only risk he runs is in listening to suggestions at variance with the strict tenor of his prescribed duty.

I concur in the affirmance of the judgment, with costs.

RUMSEY and McLAUGHLIN, JJ., concurred.

VAN BRUNT, P. J. :

I concur in the result. It seems to me, however, that the opinions as written do the very thing which it is held by the judgment herein that the court is not authorized to do, namely, give advice to a trustee as to the execution of his trust in an action founded upon a complaint filed for that purpose.

Judgment affirmed, with costs.