(65 App. Div. 252.)

HOLLAND TRUST CO. v. SUTHERLAND.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

TRUSTEES—ADVICE OF COURT.

    A water company, having issued bonds, conveyed all its property to plaintiff as trustee, in security therefor; the trust mortgage providing that the corporation would assign certain hydrant rentals to the plaintiff, "to be used exclusively to pay the interest on said bonds, and for no other purpose," and the rentals were accordingly paid. to him. Thereafter defendant commenced an action against the corporation, served an attachment on plaintiff, and obtained a judgment. *Held*, that plaintiff was not entitled to seek the advice of the court as to whether it ought to pay the revenues to the bondholders, and as to whether the defendant had any lien thereon; the controversy having arisen with a third party asserting rights independent of the trust agreement.

Appeal from special term, New York county.

Suit by the Holland Trust Company against George R. Sutherland. From an interlocutory judgment overruling a demurrer to the complaint for insufficiency of facts, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Hassett, for appellant.
George M. Van Hoesen, for respondent.

LAUGHLIN, J. This is a suit brought by a trustee of an express trust to obtain the advice and instructions of the court as to his duty. The interlocutory judgment was entered upon a decision made upon the trial of an issue of law raised by a demurrer.interposed by the defendant to the complaint upon the ground of defect of parties plaintiff and defendant, and that the complaint fails to state facts sufficient to constitute a cause of action. The objection that there is a defect of parties has been eliminated. The com-

plaint alleges that the Delaware Water Company, an Ohio corporation, to raise money for the establishment and transaction of its business issued bonds to the amount of $225,000, dated February 1, 1899, and payable in 20 years, with interest at 6 per cent., payable semiannually,—coupons for each installment of interest being attached,—and, for the purpose of securing payment of the bonds and coupons, conveyed all of its property and franchises to the plaintiff in trust, and with the power, in the event of the nonpayment of principal or interest, to sell and convey such property and franchises, and to apply the proceeds towards the payment of any principal or interest in arrears; that the trust mortgage provides that the water company will set apart, assign, and transfer to the plaintiff, as such trustee, all revenues to be paid the water company for fire hydrants by the city of Delaware, Ohio, under the provisions of the franchise granted to said company, "to be used exclusively to pay the interest on said bonds, and for no other purpose, so far as the same be necessary for that purpose"; that on the 25th day of September, 1889, the water company duly assigned, transferred, and set over to said plaintiff as such trustee such hydrant rentals, and authorized the city of Delaware to pay the same to plaintiff as such trustee, to be used exclusively for the purpose of paying such interest; that said agreements are still in force and effect, and that the interest due on the bonds, August 1, 1899, had not been paid; that on the 26th of July, 1899, plaintiff received the sum of $4,580, with instructions to pay said interest falling due on August 1st thereafter, and that plaintiff entered the same in its books in the coupon account of said bonds, which account consists of entries of moneys received for paying coupons and of moneys paid out on taking up coupons, and constituted the only account plaintiff had with said water company; that $4,550 of this amount was received through a cashier's draft payable to plaintiff's order, and drawn by a bank in Delaware, Ohio, concerning the name of which the plaintiff was ignorant, and its record did not show, but that said draft was inclosed in a lettter from said water company saying that the amount forwarded was all hydrant rentals, except $410, and was sent for the sole purpose of paying said interest; that plaintiff was ready and willing to pay said moneys to the persons entitled to interest on said bonds, in accordance with said trust agreements and with the said instructions from the water company, but that before said interest became due, and on July 26, 1899, the defendant commenced an action in the supreme court of this state against said water company for the recovery of the sum of $3,750, with interest thereon from August 3, 1893, and obtained a warrant of attachment against said water company on the ground that it was a foreign corporation, and the same was on that day served on plaintiff by the sheriff, who demanded delivery to him of all property of said water company in plaintiff's possession or under its control, and required a certificate as required by the Code of Civil Procedure; that upon plaintiff's refusal to deliver such certificate an order was obtained for the examination of plaintiff's secretary, which examination revealed the facts herein recited, and that the facts so testified to con-

cerning the receipt of said money and the purpose for which it was received have never been contradicted or controverted; that on the 28th day of March, 1900, defendant recovered a judgment in said action against said water company for $5,276.38, which has been duly docketed, and which recites the issuing and levy of the attachment, and refers to affidavits annexed thereto showing the proceedings under said attachment, and that the water company has not appeared in the action, and alleges that said trust fund is the property of the water company; that the holders of interest coupons which fell due on August 1, 1899, have presented the same and demanded payment, but plaintiff has declined to pay the same until this court shall decide whether or not the defendant, by virtue of his attachment and judgment, is entitled to said moneys, and has requested the defendant to institute proceedings to compel it to pay said moneys to the sheriff, but that the defendant declines to take such proceedings, and insists that he is entitled to said moneys by virtue of the proceedings already taken by him; that the coupon holders claim that the said moneys belong to them by virtue of the trust mortgage and assignment, and by virtue of the instructions accompanying said funds, and that the same are held in trust for them, and that it is not within the power of said water company to recall its funds, nor are they liable for its debts; that said coupon holders are very numerous, and are unknown to plaintiff, and many are residents of New England states, and their coupons have been deposited for collection with banks without this state. It is further alleged on information and belief that the sheriff has not process in his hands empowering him to collect or receive said moneys, and that said water company disclaims any right thereto, and declares the same to belong to said coupon holders, and has so informed the plaintiff. In the prayer for relief the plaintiff asks the court to instruct it as to its duties as trustee, and as to whether it ought to pay said moneys over to said coupon holders, and as to whether the defendant has any claim or lien thereon.

We are of opinion that this is not a case where the plaintiff is entitled to the advice or instructions of the court. The terms of the trust agreement as alleged are clear and free from ambiguity. No controversy has arisen between plaintiff and its cestuis que trustent, or others interested in the execution of the trust. The defendant makes no claim under the trust agreements set up in the complaint. The plaintiff is not an officer of this court, and does not hold the funds pursuant to any order of the court, nor is it bound to account to the court therefor. It is a private corporation, and it may protect itself by its private contracts. On accepting a trust, it is fully authorized to require reimbursement for legal advice, counsel fees, and also indemnity. Such trustees are entitled to the aid and direction of the court with reference to the law and their duty, or the policy to be pursued by them, only where questions arise under or with reference to the interpretation of the trust agreements. They are not entitled to the advice or direction of the court upon mere questions of law arising between them or those they represent and third parties asserting claims or rights inde-

pendent of the trust agreements. Perry, Trusts (5th Ed.) § 476a; 27 Am. & Eng. Enc. Law, pp. 151–153b; Crawford v. Winston, 34 App. Div. 457, 54 N. Y. Supp. 246; Mayor, etc., v. Fitch, 9 App. Div. 452, 41 N. Y. Supp. 354; In re Brewer, 43 Hun, 600. The only decision cited which appears to be in conflict with these views is Coe v. Beckwith, 31 Barb. 339. There moneys were deposited by a railroad company with a trustee to pay interest on its coupon bonds. A party holding some of those bonds, and entitled to part of the interest, brought an action against the company to recover the interest due, and procured a warrant of attachment, which was served on the trustee. The trustee filed a bill against the attaching creditor to obtain instructions from the court as to its duty in the premises. A demurrer to the complaint was overruled. The court held that the funds had passed beyond the control of the railroad, and belonged to the holders of the coupon bonds, and were therefore not attachable for a debt against the railroad company. For aught that appears, the attaching creditor may have made a claim under the trust agreement; the trust being for his benefit, and he being entitled to share in some of the fund. The decision, however, was at special term; and, if no question arose under the trust agreement, we do not consider its doctrine sound, and are not disposed to follow it.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs; and, as there is no probability that the complaint could be amended to state a cause of action within our ruling, final judgment is directed for the defendant, dismissing the complaint, with costs. All concur.