HOLLAND TRUST COMPANY, Appellant, *v.* GEORGE R. SUTHERLAND, Respondent.

TRUST — WHEN DOMESTIC TRUSTEE OF FOREIGN CORPORATION IS ENTITLED TO INSTRUCTIONS OF COURT OF EQUITY AS TO INTEREST FUND HELD BY IT AND ATTACHED BY CREDITOR OF CORPORATION. A special deposit made by a non-resident corporation with a domestic trust company for the payment of coupons maturing a few days thereafter, not only creates the trust company a trustee for the coupon holders, but changes the title to such deposit from the corporation to the trust company, in whose possession it constitutes a fund for the benefit of the coupon holders,

as *cestuis que trust;* and where a creditor of the non-resident corporation, before the coupons are due, levies an attachment on such deposit as the property of a non-resident defendant, the trust company, acting as the trustee and representative of the coupon holders and desiring to pay them the moneys in question, under a complaint alleging that they are very numerous and unknown to plaintiff and that many of them are non-residents and have deposited their coupons for collection with banks outside of the state, may maintain an action in equity against the attaching creditor, as the only person claiming the fund in hostility to the trust, for instructions as to its duties as trustee in the premises.

*Holland Trust Co.* v. *Sutherland*, 65 App. Div. 252, reversed.

(Argued January 15, 1904; decided January 29, 1904.)

APPEAL from a judgment entered March 13, 1902, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and dismissed the complaint.

The nature of the action and the facts, so far as material, are stated in the dissenting opinion.

*George M. Van Hoesen* for appellant. The complaint states a good cause of action. (*Coe* v. *Beckwith*, 31 Barb. 339; *Curtus* v. *Candler*, 6 Madd. 123; *Dimmock* v. *Bixby*, 20 Pick. 374; *R. T. Works* v. *Kelly*, 88 N. Y. 234.) The contention of the Appellate Division that " trustees are entitled to the aid and direction of the court with reference to the law and their duty, only where questions arise under or with reference to the interpretation of the trust agreement," is erroneous. ( *Welch* v. *Adams*, 152 Mass. 74; *Dimmock* v. *Bixby*, 20 Pick. 368; *Taggard* v. *Piper*, 118 Mass. 315; *Hayden* v. *Marmaduke*, 19 Mo. 403; *Talbot* v. *Earl of Radnor*, 3 M. & K. 252; *Jones* v. *Stockett*, 2 Bland's Ch. 425; *Ashbrook* v. *Reid*, 89 N. C. 151; *B. Church* v. *Londonderry*, 51 N. H. 424; *Edgecombe* v. *Carpenter*, 1 Beav. 171; *Freeman* v. *Cook*, 6 Iredell Eq. 373.) The Appellate Division erred in its view that the power of the trustee to require, as a condition of accepting the trust, that he shall be reimbursed for legal advice, disentitles him to the privilege of

appealing to the court for instructions. (Perry on Trusts, §§ 927, 929; *Freeman* v. *Cook*, 6 Iredell Eq. 373; *Goodson* v. *Ellison*, 3 Ross, 583.)

*Edward Hassett* for respondent. The complaint does not state facts sufficient to constitute a cause of action. (*R. L. Works* v. *Kelly*, 88 N. Y. 234; *Martin* v. *Funk*, 75 N. Y. 134; *Crawford* v. *Winston*, 34 App. Div. 459; *Mayor* v. *Fitch*, 9 App. Div. 452; *Matter of Brewer*, 43 Hun, 600; *Greene* v. *Mumford*, 4 R. I. 322; *A. P. Assn.* v. *Brantingham*, 57 App. Div. 401.)

BARTLETT, J. It is, of course, clear that interpleader is not the appropriate remedy. If the action of interpleader is brought under the Code or the old equity practice it is essential that the plaintiff should be a mere stakeholder, and that the parties whose claims are conflicting for the funds in his hands should be parties defendant. That is not this case. Nor do I think this case falls within any of the cases cited as authorities against the maintenance of this action. It is well settled that where the trust instrument is plain in its terms and the duty of the trustee clear, he is not justified in coming into a court of equity asking for instructions. It is equally clear that where he is called upon by the nature of his trust to exercise discretionary power the court will not instruct him in such an emergency.

In this case the Delaware Water Company, an Ohio corporation, made a special deposit with the plaintiff trust company of a certain sum of money to pay coupons maturing a few days subsequent to said payment. The effect of that transaction was to make the plaintiff trust company a trustee for the coupon holders whose claims were to be paid out of the fund so deposited. Before the coupons were due, a creditor of the Delaware Water Company levied an attachment on said moneys as the property of a non-resident defendant.

The legal effect of that special deposit not only created the

plaintiff trust company a trustee for the coupon holders, but it changed the title to said moneys from the water company to the trust· company, in whose possession it constituted a trust fund for the benefit of coupon holders as *cestuis que trust.*

The trust company adopts this view of the law, and in its complaint expressed its desire to pay these coupon holders the moneys in question, and asks a court of equity for instruction in the premises, based on special reasons. The complaint contains this allegation :

"*Twelfth.* That said coupon holders are very numerous and are unknown to plaintiff; many of them, as plaintiff is informed and believes, residents of some of the New England states, and their coupons have been deposited for collection with banks and banking houses beyond the limits of the State of New York."

This feature of the case distinguishes it from any of the cases to which we have been referred in either of the briefs.

It is stated in the dissenting opinion that if the coupon holders were too numerous to be joined as defendants certain of them should have been selected as representing the class. If this practice exists, where it is feasible, I am of opinion that it would be quite impossible under the circumstances set forth in the complaint. I see no reason why the plaintiff trust company should be compelled in the action between a resident of the state of New York and this Ohio corporation to litigate either the validity of the plaintiff's attachment or of the execution which may follow, if the action results in final judgment. That litigation might extend over a period of several years and meanwhile the coupon holders would be deprived of their moneys. It would seem to be a very harsh rule that the trust company should be compelled to pay out this money on the legal advice of its counsel, as it is entitled to a judgment of the court that will protect it in making such payment.

We have here a case where the trustee comes into court as the representative of his *cestuis que trust,* residents of different

states, and many of them unknown, and brings before the court as a defendant the only person claiming this fund in hostility to the trust.

I am of the opinion that the action is well brought, and that the judgment appealed from should be reversed, and that of Special Term affirmed, with costs.

Gray, J. I concur with my brother Bartlett's views and I may only add to what he says that this is a peculiar case, where the facts differentiate it from cases under the general rule spoken of by Judge Cullen. The situation of this trustee is the result of action taken by the defendant against the trust fund and its primary liability is, actually, impeded, or imperilled, in its discharge by reason thereof.

Cullen, J. (dissenting). The complaint alleged that the plaintiff was trustee under a mortgage executed by a water company in the state of Ohio to secure the payment of certain coupon bonds, and, as such, assignee of certain water rents recei/able by the water company ; that the water company remitted to the plaintiff certain moneys, nearly all of which were the proceeds of such water rents, for the payment of the coupons on said bonds which were then about to fall due ; that before the actual payment of the coupons to the holders thereof the defendant brought an action against the water company in which he obtained a warrant of attachment ; that under such warrant the sheriff assumed to levy on said moneys ; that an order for an examination of the officers of said company was made and under it such officers made affidavit of the circumstances and terms under which the plaintiff had received the moneys ; that the holders of the coupons, when they fell due, demanded payment of the same, which the plaintiff declined to pay on account of the attachment in defendant's suit ; that the plaintiff requested the defendant to bring suit against it for the moneys, with which request the defendant refused to comply. The details of these matters are related at length, but are immaterial to the

disposition of this appeal. The complaint further declared that the coupon holders alone were entitled to the money so deposited with the plaintiff. The relief demanded was that the court instruct the plaintiff as to its duties as trustee, and whether it ought to pay over the moneys to the coupon holders or whether they are subject to the claim or lien of the defendant. The sole party defendant in the action is Sutherland, the attaching creditor. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action against him, and because there was a defect of parties, in that none of the holders of said coupons were parties defendant to the action. The Special Term overruled this demurrer. The Appellate Division reversed the judgment of the Special Term and awarded final judgment on the demurrer to the defendant.

We do not see any theory on which the present action can be successfully maintained. It cannot be upheld as an action for interpleader, for to such an action the rival claimants must be parties. If the coupon holders were too numerous to be all joined as defendants, certain of them should have been selected as representing the class. The judgment in an action for interpleader, so far as it affects the plaintiff, goes only to the extent of directing that the rival claimants interplead, that the plaintiff pay the fund into court and on such payment be discharged from liability. On making payment the plaintiff retires from the action. No such judgment could be awarded here for there would be no one left with whom the defendant could contend for the fund. Further, it is an elementary principle that in an action for interpleader the plaintiff must stand indifferent between the hostile claimants, while in this complaint the plaintiff champions the rights of the bondholders. (Pomeroy's Equity Jurisprudence, secs. 1319, 1329.)

The main contention of the appellant is that being a trustee it was entitled to have the validity of the defendant's claim determined by the court in order that it might be protected in the discharge of its duties as such trustee. The administra-

tion of trusts is exclusively of equitable cognizance and "as trustees hold the legal title for the benefit of third persons, and the law forbids them from making any profit themselves from their management of, or dealing with, the trust fund, so the law protects them from loss if they act according to law in good faith. And in all cases of doubt as to what the law is, and what their conduct ought to be under it, they are entitled to instruction and direction from the court." (2 Perry on Trusts, sec. 476a.) But as I understand this rule the protection granted is between the trustee and persons claiming under the trust, not as against strangers, unless the claim of such strangers be of equitable cognizance. The legal title to the trust estate is in the trustee, and in litigations concerning the trust estate by or against strangers to the trust he stands the same as any other claimant or owner of property. If the claims are of legal character they must be asserted or defended in a court of law. The adverse parties cannot be deprived of their rights to a trial at law by the fact that the trustee holds or claims the property, not in his own right but for the benefit of others. The reason that equity has exclusive jurisdiction over the administration of trusts is that the courts of law look solely to the legal title, but in claims by or against strangers to the trust the legal title is ordinarily the only question presented. Doubtless a trustee may bring an action in equity in the nature of a bill *quia timet* or of a bill of peace under the same circumstances and upon the same grounds that any other party might maintain such a suit. But the fact that he is a trustee gives him no additional grounds of action in that respect. Where he is threatened with claims or suits he may apply to a court of equity for instructions as to his course in defending the same and to enable him to get such direction may have the prosecution of the actions temporarily stayed. (Hill on Trustees, p. 542 marg.) The object of such an application is to protect the trustee against subsequent claims by his *cestui que trust*, either that he has improperly defended the suit or has wasted the estate in the defense of a case that should not have been

defended, not to decide the suit itself.    We know of no well-considered authority for the proposition that a court of equity will assume to determine claims of a legal character against a trustee simply because he is such.    In all but one of the cases cited by the learned counsel for the respondent from the courts in this country, the controversy arose between the trustee and his *cestui que trust* or between rival claimants among the *cestuis que trustent*.    Hence, they have no application to the case before us.    The exception referred to is *Coe* v. *Beckwith* (31 Barb. 339).    That action was brought by a trustee against the bondholders as a class and one of their number who had obtained an attachment in an action on other coupons, to determine whether the moneys held by the plaintiff were applicable to the payment of the coupons or to the claim of the attachment creditor.    It was held that the action could be maintained.    This was a Special Term decision and the ground on which it proceeded was that the trustee had a right to apply to the court for instruction as to its conduct.    The proposition is assumed without discussion.    It may, however, be that in that case the action could be maintained as one of interpleader, for the bondholders were parties to the suit.    It would also seem that the court looked upon the defendant because he was a holder of bonds and coupons as claiming under the trust.    If, however, the case is claimed to be an authority for the proposition that an action in equity can be maintained against a party claiming in hostility to the trust for the determination of his claim, it need only be said that neither principle nor authority is found in the opinion for such a ruling.    Three English cases are also cited by the appellant to support the action.    The first is *Talbot* v. *Radnor* (3 Mylne & K. 252).    There trustees under a will filed a bill for the administration of their testator's real and personal estate.    They made as a party to the bill a claimant to part of the testator's realty who had brought an action in ejectment to recover the same.    The master of the rolls held that such claimant was properly made a party and required him to elect whether he would proceed

in his ejectment suit or have his title determined by such inquiry as the court might direct to be made. On the claimant's election to proceed in ejectment the court required him to stipulate to try the cause at the next assizes. The case doubtless would be an authority for the maintenance of the present action and I cannot find that any appeal was taken from the decision of the master of the rolls. But in *Attorney-General* v. *Portreeve, etc., of Avon* (2 New Rep. 564) on appeal from the master of the rolls it was distinctly held that in an action in equity for the administration of a trust, parties claiming adversely to the trust could not be made parties to the suit. It was there said that "the only approach to an authority to the contrary was the case of *Talbot* v. *Radnor* (3 Mylne & K. 252), which had been constantly disapproved of and never followed." *Edgecumbe* v. *Carpenter* (1 Beavan, 171) is an authority only for the proposition stated in Hill on Trustees, that actions at law by hostile claimants will be temporarily stayed pending instructions to the trustee whether he shall defend or not. In that case there was the further element apparently of bad faith referred to by the master of the rolls. The solicitors for the trustee in his action to establish the will were also the solicitors for the heir at law in the ejectment suits to overthrow it. In 2 Perry on Trusts, 928, it is stated: "If a third person makes a claim, or if he refuses to state whether he has a claim, where the trustee has a right to know, the trustee may bring such person before the court by bill; and if he claims improperly, or has improperly refused to answer, he will be charged with the costs." The only authority given for this proposition is *Re Primrose* (23 Beavan, 590). Of this case it is first to be observed that it arose under the trustee acts of 10 and 11 Vict. and of 13 and 14 Vict., which gave the court certain summary jurisdiction in the administration of trusts and that the application was made in both proceedings, the bankruptcy and the appointment of a new trustee. The facts were these: A trustee under a marriage settlement had become a bankrupt and been transported for life for forgery. A new trustee was

appointed, and in order to effect a transfer of certain trust funds it was requisite to have a disclaimer from the assignees in bankruptcy, which they refused to give, though they made no claim to the fund. The master of the rolls directed them to make the disclaimer. As to the question of costs he held that he had no power under the act to award costs against them. This case has no application to the one before us. The adjudication in bankruptcy created a cloud on the title of the new trustee to the trust securities and an action would have been well brought in equity against the old trustee and his assignee to remove the cloud and to effect the transfer. The trustee acts enabled the court to do the same thing on summary application. The case of *Attorney-General* v. *Portreeve, etc., of Avon* is subsequent to the other cases and I cannot find that its authority has been in any way impaired. Therefore, no solid foundation for the plaintiff's position is to be found in the English authorities. If I am correct as to the general rule that a person claiming in hostility to the trust cannot be made a party to the action for the administration of a trust, I can see nothing in the circumstances of this case to take it without that rule. Surely it is not the fact that the defendant makes a hostile claim to what the plaintiff claims to be a portion of the trust estate, for that is a necessary element in all cases of this class. What then is the distinguishing feature of this particular case? In fact the present action, treated as one to obtain the direction of the court as to the administration of the plaintiff's trust, is as fatally defective as if regarded as an action of interpleader, and for the same reason that none of the bondholders are parties to it. To such a suit the *cestuis que trustent* must be parties, unless they are so numerous as to make that impossible or inconvenient, in which case a small number may be made defendants as representing all. (Perry on Trusts, secs. 875, 885.)

As no one contends that the plaintiff has stated a case which, if it were not a trustee, would fall under the ordinary grounds of equitable intervention to remove a cloud upon

1904.] Peo. ex rel. Town of Colesville v. D. & H. Co. 337

N. Y. Rep.]                    Statement of case.

title or to cancel contracts or securities, it is unnecessary to discuss the action from that point of view.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, J. (and GRAY, J., in memorandum), concur with BARTLETT, J.; HAIGHT and MARTIN, JJ., concur with CULLEN, J.

Judgment reversed, etc.